## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC. and GILEAD PHARMASSET LLC,<br><br>Defendants. | Civil Action No. 13-1987-LPS |
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and L'UNIVERSITÉ de MONTPELLIER,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD PHARMASSET LLC,<br><br>Defendant. | Civil Action No. 14-109-LPS |
| IDENIX PHARMACEUTICALS LLC and UNIVERSITA DEGLI STUDI di CAGLIARI,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | Civil Action No. 14-846-LPS |

**MEMORANDUM ORDER**

At Wilmington this **22nd** day of **November, 2016**:

IT IS HEREBY ORDERED that:

1.      The motion to continue trial (C.A. No. 14-846 D.I. 428) filed by Defendant, Gilead Sciences, Inc. ("Gilead" or "Defendant"), is DENIED.  The Court indicated at the July 2016 hearing it would be strongly disinclined to continue the December trial and Defendant points to nothing persuasive to overcome that inclination.  The possibility that the Federal Circuit may soon decide the validity of the '600 patent – and the further possibility that Plaintiffs, Idenix Pharmaceuticals LLC and Universita Degli Studi di Cagliari ("Idenix" or "Plaintiffs"), may (despite Defendant's expectations) prevail in that appeal, which would allow the Court to combine issues relating to the '600 patent with the patent-in-suit at the trial that will begin December 5, 2016 (i.e., the'597 patent)[1] – is not a sufficient basis for a continuance.  Nor is the "new" evidence provided in two recent declarations served by Plaintiffs, particularly as Defendant has now had the opportunity to depose both of those witnesses.  Nor, finally, is the Court persuaded that the purported overlap between the evidence that would be presented at a trial concerning the '600 patent and the evidence that will be presented at the December trial is so great as to justify waiting to proceed with the long-scheduled December trial for a further, indefinite period.  Such an indefinite delay would also likely be highly prejudicial to Idenix.

2.      Having reviewed the proposed pretrial order (C.A. No. 14-846 D.I. 452) ("PTO") and identified disputes therein:

      i.      The Court agrees with Idenix that there has been no waiver of Idenix's

---

[1]Evidently, the '054 patent is no longer at issue.

ability to press its infringement claims with respect to the '600 patent or its interference appeal. (*See* PTO at 5-6)

        ii.     The Court will address the motion for a phased trial (D.I. 457) at the pretrial conference tomorrow. (*See* PTO at 6-7)

        iii.     The Court will address the order of presentation of evidence at the pretrial conference. (*See* PTO at 8-9)

        iv.     The Court agrees with Idenix that all witnesses, including potential rebuttal witnesses, should be identified at this time, to the extent possible. (*See* PTO at 9) The parties shall supplement their witness lists to comply with this Order no later than November 29.

        v.     The Court agrees with Idenix that if a party offers deposition testimony by video, any counter-designations from that deposition must also be introduced by video, absent good cause. (*See* PTO at 12)

        vi.     The parties will exchange demonstratives and a list of exhibits to be used in opening statements by 12:00 p.m. on the day before opening statements. The parties will provide any objections to such demonstratives by 6:00 p.m. that day. The parties will meet and confer regarding any objections by 9:00 p.m. that day. The parties will present any unresolved objections to the Court the morning of opening statements or such objections will be waived. (*See* PTO at 16)

        vii.     The trial will be timed. Essentially, other than during jury selection, jury instructions, and argument regarding jury instructions, some party will be charged for any time the Court is on the bench. In particular, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by

any other party, its argument on any motions for judgment as a matter of law, and all sides'

argument on objections a party raises (outside the presence of the jury) to another party's

exhibits, demonstrative exhibits, and other issues (regardless of which party prevails on such

objections), and closing arguments.  With respect to objections to expert testimony as being

beyond the scope of what an expert has previously disclosed, all of the time it takes both sides to

argue such objections, for the Court to consider and resolve such objections, and for the Court to

articulate its decision, will be charged to the party that does not prevail on such objections.  (*See*

PTO at 19)

        viii.     Each side will be allocated between eighteen (18) and twenty-two (22)

hours for its trial presentation, with the specific amount to be discussed further at the pretrial

conference.  Given that this case involves a single patent, and infringement is not being tried,

based on the number of asserted claims, anticipated witnesses, complexity, and other

characteristics of the case, the Court finds that the hour range identified above will provide each

side a more than adequate amount of time to present its case.  (*See generally* D.I. 468 at 5-6)

(Idenix explaining, in opposition to trial continuance: "There are a limited number of issues for

trial: Gilead's willful infringement, damages for Gilead's infringement, and Gilead's invalidity

defenses. . . . Moreover, only the '597 patent will be at issue [and] . . . only about a dozen claims

are at issue.")

        ix.     The parties shall be prepared to discuss all other issues in the pretrial order

or in any pending motion, at the pretrial conference, including being prepared to provide specific

proposals as to how the Court should handle each of the items listed at page 21 of the PTO.

        3.     Plaintiffs' motion in limine ("MIL") #1, to preclude Defendant from presenting

evidence or argument regarding experiments Plaintiffs characterize as "irrelevant," is DENIED.

The Court does not agree with Plaintiffs that this evidence is irrelevant.  Rather, as Defendant

argues, evidence that Plaintiffs may have failed to make a purported embodiment of the patent-

in-suit is probative of whether the inventors of the patent-in-suit were in possession of the

claimed subject matter as of the filing date; i.e., the evidence is probative of Defendant's written

description defense.  The extent to which the purported "failures" arose in connection with

"following the patent specification" is a disputed factual issue.  Further, the evidence is relevant

to damages, being probative of the value of Idenix's patents.  The probative value of the evidence

Plaintiffs seek to exclude outweighs any undue prejudice to Plaintiffs or risk of distraction of the

jury or waste of time.

4.      Plaintiffs' MIL #2, to exclude the Moore article and related testimony or

argument, is DENIED, for the same reasons the essentially-identical *Daubert* motion was denied.

The Court's subsequent decision in a different case, involving different facts and theories, does

not alter the correct conclusion here.  *See MAZ Encryption Techs. LLC v. Blackberry Corp.*, 2016

WL 4490706 (D. Del. Aug. 25, 2016).

5.      Plaintiffs' MIL #3, to exclude reference to Plaintiffs drafting claims based on Dr.

Schinazi's alleged disclosure of Pharmasset work, is DENIED.  The evidence at issue in this

motion is probative of Defendant's contention that the patent-in-suit is invalid due to lack of

written description.  A reasonable jury could credit Defendant's evidence that in the immediate

aftermath of Pharmasset's Dr. Schinazi making certain disclosures to Idenix's patent attorney,

Idenix cancelled all pending original claims and added broader claims, which may be probative

of Idenix's inventors not being in possession of the full scope of the ultimately-claimed

4

inventions at the time they filed the original patent application. The Court agrees with Defendant that "the jury is entitled to *consider* such evidence in determining how the hypothetical person of skill in the art would view the disclosure." (D.I. 454-3 at 10 of 96) Even assuming Plaintiffs are permitted to introduce some or all of the competing evidence they suggest they have – primarily in the nature of faulting Dr. Schinazi's reputation for truthfulness[2] – the probative value of Defendant's evidence outweighs the concerns embodied in Federal Rule of Evidence 403.

6.      Defendant's MIL #1, to preclude Plaintiffs from introducing evidence or argument regarding "other patents or patent applications for § 112 support," will be argued at tomorrow's pretrial conference.

7.      Defendant's MIL #2, to preclude Plaintiffs from arguing or implying that Pharmasset improperly used alleged Idenix confidential information, is DENIED. It will be a contested factual issue whether Pharmasset had access to Idenix confidential information and, if so, what, if anything, Pharmasset did with it. The parties will be permitted to argue all reasonable inferences from such disputed evidence. The parties hotly contest which of them is the innovator and they will be permitted to present evidence to support their view of that controversy. To the extent Plaintiffs argue or imply that there is anything improper in merely following a competitor's published patent-related activities, the Court will be inclined to accept any reasonable jury instruction to be proposed by Defendant to clarify this point for the jury. Plaintiffs' evidence is also pertinent to its response to Defendant's written description defense, as

---

[2]The Court recognizes the parties will dispute whether Plaintiffs may use some, all, or none of the evidence Plaintiffs suggest they will try to use in the event their motion is denied. *See generally* Fed. R. Evid. 608. The Court does not resolve those potential evidentiary disputes here.

the jury may find that "Idenix's disclosures were so clear that, when accessed confidentially by Pharmasset and viewed after they were published, Pharmasset easily knew what Idenix possessed." (D.I. 454-5 at 12 of 98)

      8.      Defendant's MIL #3, to preclude Plaintiffs from introducing evidence regarding pricing of sofosbuvir, will be argued at tomorrow's pretrial conference.

November 22, 2016
Wilmington, Delaware

          HONORABLE LEONARD P. STARK
          UNITED STATES DISTRICT JUDGE

6