IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC UNIVERSITA DEGLI STUDI DI CAGLIARI,<br><br>              Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.<br><br>              Defendant. | C.A. No. 14-846-LPS |

**VERDICT FORM**

We, the jury, unanimously find as follows:

I. **WILLFUL INFRINGEMENT**

1. Have Idenix and the University proven by a preponderance of the evidence that Gilead's infringement of the asserted claims of the '597 Patent was willful?

*"Yes" is a finding for Idenix and the University. "No" is a finding for Gilead.*

Yes ✓         No _____

II. **INVALIDITY**

A. **ENABLEMENT**

2. Has Gilead proven by clear and convincing evidence that each of the asserted claims of the '597 patent is invalid because the specification of the '597 patent does not enable the asserted claims?

*"Yes" is a finding for Gilead. "No" is a finding for Idenix and the University.*

Yes _____         No ✓

B. **WRITTEN DESCRIPTION**

3. Has Gilead proven by clear and convincing evidence that each of the asserted claims of the '597 patent is invalid because the specification of the '597 patent does not contain an adequate written description of the asserted claims?

*"Yes" is a finding for Gilead. "No" is a finding for Idenix and the University.*

Yes _____         No ✓

C. **ANTICIPATION**

4. Has Gilead proven by clear and convincing evidence that any of the following claims of the '597 patent is invalid for anticipation based on prior invention?

*"Yes" is a finding for Gilead. "No" is a finding for Idenix and the University.*

Claim 1         Yes _____         No ✓

Claim 28        Yes _____         No ✓

Claim 30        Yes _____         No ✓

Claim 31        Yes _____         No ✓

1

### D. OBVIOUSNESS

5. Has Gilead proven by clear and convincing evidence that any of the following claims of the '597 patent is invalid because the claimed subject matter would have been obvious to a person of ordinary skill in the art at the time of the claimed invention?

*"Yes" is a finding for Gilead. "No" is a finding for Idenix and the University.*

| Claim | Yes | No |
|---|---|---|
| Claim 1 | | ✓ |
| Claim 2 | | ✓ |
| Claim 4 | | ✓ |
| Claim 5 | | ✓ |
| Claim 6 | | ✓ |
| Claim 7 | | ✓ |
| Claim 9 | | ✓ |
| Claim 10 | | ✓ |
| Claim 16 | | ✓ |
| Claim 19 | | ✓ |
| Claim 23 | | ✓ |
| Claim 28 | | ✓ |
| Claim 29 | | ✓ |
| Claim 30 | | ✓ |
| Claim 31 | | ✓ |

### III. DAMAGES (IF APPLICABLE)

*If you find that any of the asserted claims are valid, then you should answer this question. If you find that all the asserted claims are invalid, then you should not answer this question.*

6. What is the reasonable royalty that Idenix and the University have proven by a preponderance of the evidence that they are entitled to? (Fill out only (a) or (b).)

    a. If you are awarding damages based on a running royalty, answer these questions:

        Royalty Rate: __10__ %

        Royalty Base: $ __25.4 Billion__

        (total dollar value of U.S. sales of Sovaldi® and adjusted sales of Harvoni® through August 2016)?

        Total Amount through August 2016: $ __2.54 BILLION__
        (Royalty Rate percentage multiple by Royalty Base)

    b. If you are awarding damages based on a lump sum, what is the lump sum payment Idenix and the University are entitled to:

    $_____

You have now reached the end of the verdict form and you should review it to ensure it accurately reflects your unanimous determinations. You must each sign the verdict form in the spaces below and notify the Jury Officer that you have reached a verdict.

Dated: December __15__, 2016

3