IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC and UNIVERSITA DEGLI STUDI DI CAGLIARI,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GILEAD SCIENCES, INC.<br><br>　　　　　　Defendant. | C.A. No. 14-846-LPS |

## JOINT STATUS REPORT

Pursuant to the Court's Oral Order (12/15/16 Trial Tr. at 2218:7-10) and the Court's Revised Procedures for Managing Patent Cases, the parties submit this Joint Status Report to address how they believe this case should proceed, to identify the post-trial motions and issues on which any party intends to seek relief, and to propose a form of judgment to enter on the jury's verdict. On December 21, 2016, the parties conducted a meet and confer teleconference to discuss the issues to be addressed in this Report and hereby submit their positions.

This case was tried to a jury beginning on December 5, 2016, and on December 15, 2016, the jury returned a verdict in favor of Plaintiffs Idenix Pharmaceuticals LLC and Universita Degli Studi di Cagliari (collectively, "Idenix") and against Gilead Sciences, Inc. ("Gilead") on all claims. (D.I. 517 & 518.) Attached as Exhibit A is a joint proposed form of Judgment to enter judgment on the jury's verdict. The parties agree that any enforcement or execution of the Judgment should be stayed until any and all appeals in this case are resolved and final. As the proposed Judgment reflects, the parties proceeded to trial on Idenix's U.S. Patent No. 7,608,597 ("the '597 patent"). Before trial, Idenix provided a covenant not to sue Gilead on certain claims of the other patent asserted in this case, U.S. Patent No. 6,914,054 ("the '054 patent"). The

parties have met and conferred on the form of a revised covenant and expect to finalize and sign the covenant by the end of December 2016 or, in light of the holidays, by early January 2017 at the latest. Gilead requests that the Court defer entering judgment until that covenant is in fact finalized and filed. The parties further note that two other matters that relate to a different patent family (C.A. No. 13-1987-LPS and C.A. No. 14-109-LPS) remain pending before the Court. Those pending matters are not addressed in the Judgment, and the parties jointly request that those matters be stayed until the pending Federal Circuit appeal (Appeal No. 15-1802) is decided, unless and until any party seeks and obtains leave of this Court, or the parties jointly propose, to proceed in any respect with regard to C.A. No. 13-1987-LPS or C.A. No. 14-109-LPS. The parties also agree that, whenever the issue of ongoing royalties is addressed, those royalties should address the post-judgment sales of Sovaldi® and Harvoni® as well as royalties for the relevant sales of Epclusa®, a sofosbuvir-containing product by Gilead that was approved by the FDA on June 28, 2016.

With respect to the post-trial motions and issues on which any party intends to seek relief, the parties submit below their proposed schedules for briefing the motions and issues. The proposed deadlines are set forth in the Stipulated Order filed concurrently herewith.

**Idenix**:

Without waiver of any form of relief Idenix may be entitled to seek, Idenix intends to file, at the appropriate times, motions for: (1) costs, (2) attorneys' fees, (3) pre-judgment interest, (4) post-judgment interest, (5) supplemental damages/accounting from August 2016 through the date of judgment, which were not considered at trial, (6) enhanced, treble damages, and (7) ongoing royalties in lieu of an injunction, which, pursuant to the parties' agreement, will include royalties for relevant sales of Epclusa®. Pursuant to Local Rule 54.1(a)(1), Idenix is amenable

to filing its motion for and bill of costs after the time for appeal has expired or, if an appeal is taken, after the appellate mandate issues. With respect to Idenix's other motions, the parties jointly propose the following schedule and page limits on briefing:

- Idenix's motion for entitlement to attorneys' fees and its motions for pre-judgment interest, post-judgment interest, supplemental damages/accounting, enhanced damages, and ongoing royalties shall be filed no later than 28 days after the Court's entry of judgment on the jury's verdict;

- Any answering briefs by Gilead in opposition shall be filed no later than 28 days after Idenix's motions are filed; and

- Any reply briefs by Idenix in support of its motions shall be filed no later than 14 days after the answering brief in opposition is filed.

- Idenix shall have a total of 25 pages for its opening brief(s) on all post-trial issues that it seeks to raise within 28 days after the Court's entry of judgment. Gilead shall have a total of 25 pages for its opposition brief(s) responding to Idenix's post-trial motions. Idenix shall have a total of 12 pages for its reply brief(s) on its post-trial motions.

As reflected in the accompanying Stipulated Order, the parties agree that the deadline for Idenix's motion for entitlement to attorneys' fees is extended by 14 days pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), so that it is due as noted above along with Idenix's other motions no later than 28 days after the Court's entry of final judgment, with a further extension pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) for Idenix to address any particular amount of fees to which it may be entitled after the Court decides Idenix's motion for attorneys' fees.

**Gilead**:

Without waiver of any form of relief Gilead may be entitled to seek, Gilead intends to file, at the appropriate times, (1) renewed motions for judgment as a matter of law under Rule 50(b); (2) motions for a new trial under Rule 59; and (3) a motion to sever the issue of ongoing royalties into a separate case that is stayed pending appeal to the Federal Circuit.

The parties jointly propose the following schedule and page limits for any post-trial motions by Gilead:

- Any post-trial motion by Gilead and its opening brief shall be filed no later than 28 days after the Court's entry of judgment on the jury's verdict;

- Any answering brief by Idenix in opposition shall be filed no later than 28 days after the post-trial motion is filed; and

- Any reply brief in support of a post-trial motion by Gilead shall be filed no later than 14 days after the answering brief in opposition is filed.

- Gilead shall have a total of 25 pages for its opening brief(s) on its post-trial motions. Idenix shall have a total of 25 pages for its opposition brief(s) responding to Gilead's post-trial motions. Gilead shall have a total of 12 pages for its reply brief(s) on its post-trial motions.

| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
|---|---|
| /s/ *John G. Day* | /s/ *Douglas McCann* |
| Steven J. Balick (#2114) | Douglas McCann (#3852) |
| John G. Day (#2403) | Martina Tyreus Hufnal (#4771) |
| Andrew C. Mayo (#5207) | 222 Delaware Avenue, 17th Floor |
| 500 Delaware Avenue, 8th Floor | P.O. Box 1114 |
| P.O. Box 1150 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 652-5070 |
| (302) 654-1888 | hufnal@fr.com |
| sbalick@ashby-geddes.com | coutinho@fr.com |
| jday@ashby-geddes.com | warden@fr.com |
| amayo@ashby-geddes.com | |
| | *Attorneys for Defendant* |
| *Attorney for Plaintiffs* | |

Dated: December 22, 2016