IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC and UNIVERSITA DEGLI STUDI DI CAGLIARI,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | C.A. No. 14-846-LPS |

### GILEAD'S MOTION FOR JMOL, NEW TRIAL, REMITTITUR, AND SEVERANCE/STAY OF ONGOING ROYALTY PROCEEDINGS

PLEASE TAKE NOTICE that Defendant Gilead Sciences, Inc. ("Gilead"), by its undersigned counsel, respectfully renews its motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), including on the grounds that:

- The Asserted Claims of Plaintiff's U.S. Patent No. 7,608,597 ("the '597 patent") are invalid because they lack enablement as a matter of law;

- The Asserted Claims of the '597 patent are invalid because they lack written description as a matter of law;

- Idenix has failed to prove its damages case as a matter of law, and as such the jury's damages verdict must be remitted to no more than $380 million for a lump sum, fully paid up license for the life of the '597 patent, pursuant to Federal Rule of Civil Procedure 59(e);

- Idenix has failed as a matter of law to prove willful infringement;

- The Asserted Claims of the '597 patent are invalid as a matter of law because they are not entitled to a May 2000 priority date; and

- The Asserted Claims of the '597 patent are invalid as a matter of law based on

anticipation and/or obviousness in view of Merck's prior work, the knowledge of skilled artisans at the relevant time, and Merck's 2001 patent application (DX-2598);

In the alternative, to the extent JMOL is not granted, Gilead moves for a new trial on all issues pursuant to Federal Rule of Civil Procedure 59, including, among other things, on infringement, invalidity, damages and willfulness.

Gilead further moves this Court to sever any ongoing royalty claim by Idenix into a separate suit pursuant to Federal Rule of Civil Procedure 21 and to stay that suit until after the conclusion of any appeal in the above-captioned litigation.

The grounds for the foregoing relief are fully set forth in Gilead's Opening Brief in Support of this Motion, filed concurrently herewith.

Dated: February 23, 2017

FISH & RICHARDSON P.C.

By: */s/ Joseph B. Warden*
Martina Tyreus Hufnal (#4771)
Joseph B. Warden (#5401)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
hufnal@fr.com; warden@fr.com

W. Chad Shear (#5711)
Jonathan E. Singer
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
shear@fr.com; singer@fr.com

John M. Farrell
Michael R. Headley
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
jfarrell@fr.com; headley@fr.com

Tasha M. Francis
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
tfrancis@fr.com

Corrin N. Drakulich
FISH & RICHARDSON P.C.
1180 Peachtree St., N.E., 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
drakulich@fr.com

**ATTORNEYS FOR DEFENDANTS
GILEAD SCIENCES, INC. AND
GILEAD PHARMASSET LLC**