IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC and<br>UNIVERSITA DEGLI STUDI DI CAGLIARI<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | C.A. No. 14-846-LPS |

**MEMORANDUM ORDER**

Having reviewed the parties' Joint Status Report of February 27, 2018 (D.I. 594) and their joint letter of March 6, 2018 (D.I. 595), IT IS HEREBY ORDERED that:

1. The Court will today enter Final Judgment in this matter. The Court's Final Judgment order incorporates portions of what each side has proposed, as noted below.

2. The Court agrees with Gilead that the Court's prior January 26, 2017 Judgment Following Jury Verdict (D.I. 533) should be vacated as moot. The Court's determination that the asserted claims of the '597 patent are invalid due to lack of enablement leaves no basis for a finding of infringement or an award of damages, necessitating that the prior judgment be vacated.

3. The Court agrees with Idenix that it can neither determine the validity of, nor enter final judgment with respect to, the claims of the '597 patent that were not asserted either by Idenix, as part of its infringement claim, or by Gilead, as part of its invalidity counterclaim. Sometime before this case went to trial, the parties agreed to narrow the claims being asserted, without any agreement (or order of the Court) that the unasserted claims were being dropped

1

with prejudice. The parties claims and counterclaims with respect to these unasserted claims will be dismissed without prejudice. Whether Idenix can prevail on any claims for infringement of the unasserted claims of the '597 patent will depend on application of any and all pertinent legal principles (in this and/or a future separate case), including the details of any mandate from the Court of Appeals from the Federal Circuit and the doctrine of collateral estoppel.

4. The Court did not invalidate the unasserted claims. Any portion of the Court's opinion or order (D.I. 591, 592) that suggested otherwise was simply the Court's shorthand manner of referring to the group of asserted claims, which the Court did invalidate.

5. The Court has not previously, and does not here, grant Gilead's request for a new trial. Gilead's motion for a new trial was expressly conditioned on the Court not granting Gilead judgment as a matter of law. (*See* D.I. 535 at 2; D.I. 536 at 25) The Court *did* grant Gilead judgment as a matter of law. Hence, the condition precedent to Gilead's request for a new trial did not come to fruition. The Court expressly denied Gilead's motion in all respects other than granting judgment as a matter of law due to nonenablement of the asserted claims. (D.I. 592) At least as importantly, it will be up to the Federal Circuit (assuming there is an appeal) to consider whether, as part of any mandate, this Court should, may, must, or cannot conduct another trial.

March 14, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

2